Moss, Judge,
delivered the opinion of the court:
This action is for the recovery of the sum of $39,211.14 paid by plaintiff as excise taxes on musical instruments under section 905 of the revenue act of 1918 (40 Stat. 1124) and by section 905 of the act of 1921, which is identical in language and terms with the 1918 act, and which reads as follows:
“ upon all articles commonly or commercially known as jewelry., whether real or imitation; pearls, precious and semiprecious stones, and imitations thereof; articles made of, or ornamented, mounted, or fitted with, precious metals or imitations thereof or ivory (not including surgical instruments, eyeglasses, and spectacles); watches; clocks; opera glasses; lorgnettes; marine glasses; field glasses; and binoculars; upon any of the above when sold by or for a dealer or his estate for consumption or use, a tax equivalent to 5 per centum of the price for which so sold.”
The sole question involved herein is whether or not musical Instruments of the class and character described herein are “ articles ” within the meaning of the language “ articles made of, or ornamented, mounted, or fitted with, precious metals or imitations thereof or ivory * *
Applying the well-known rule of statutory construction in cases involving such language, the word “ articles ” must be held to include only such articles as are similar in' character, and designed for similar uses, as those articles which are specifically designated in the statute. All jewelry, whether real or imitation; pearls; precious and semiprecious stones; watches; clocks; opera glasses, etc., are set forth with studied particularity, and, unless it can be said that saxaphones, cornets, trombones, and other musical instruments of like character are similar to the things mentioned specifically, they can not be taxed under said statute. The Commissioner of Internal Revenue, under the clause involved here, taxed coffins, phonographs, and victrolas so ornamented, mounted, and fitted, but the tax on these articles was abandoned under *233 formal opinions by the Solicitor of Internal Revenue, Law Opinion No. 882, applying to coffins, and Solicitor’s Memorandum No. 2068, applying to phonographs and victrolas, holding in effect that said articles were not similar in character or use to those which are specifically named.
The court is unable to discern any difference in principle between musical instruments and the articles which were held to be exempt from tax as affected by the language under consideration. It is the opinion of the court that it was not the intention of Congress to tax musical instruments under the statute in question.
Judgment for plaintiff. And it is so ordered.
GRAham, Judge; Booth, Judge; and Campbell, GMef Justice, concur.
Hat, Judge, absent.