**MARSHALL FIELD & CO. v. UNITED STATES.**

**No. K–469.**

Court of Claims.

Feb. 16, 1931.

Alex Koplin, of Washington, D. C., for plaintiff.

John A. Rees, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen. (Joseph H. Sheppard, of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and WHALEY, WILLIAMS, LITTLETON, and GREEN, Judges.

BOOTH, Chief Justice.

The plaintiff, an Illinois corporation engaged in conducting a general department store in Chicago, sold on the dates stated in the findings $63,403.25 worth of fountain pens and other pens and $482,759.11 worth of flat silverware, upon which it paid taxes amounting to $27,358.15. The taxes paid were assessed and collected by the Commissioner of Internal Revenue under section 905 of the Revenue Act of 1921 (42 Stat. 227, 293), in terms as follows:

"(a) That on and after January 1, 1922, there shall be levied, assessed, collected, and paid (in lieu of the tax imposed by section 905 of the Revenue Act of 1918) upon all articles commonly or commercially known as jewelry, whether real or imitation; pearls, precious and semiprecious stones, and imitations thereof; articles made of, or ornamented, mounted or fitted with, precious metals or imitations thereof or ivory (not including surgical instruments, eyeglasses, and spectacles); watches; clocks; opera glasses; lorgnettes; marine glasses; field glasses; and binoculars; upon any of the above when sold by or for a dealer or his estate for consumption or use, a tax equivalent to 5 per centum of the price for which so sold.

"(b) Every person selling any of the articles enumerated in this section shall make returns under oath in duplicate (monthly or quarterly as the Commissioner, with the approval of the Secretary, may prescribe) and pay the taxes imposed in respect to such articles by this section to the collector for the district in which is located the principal place of business. Such returns shall contain such information and be made at such times and in such manner as the Commissioner, with the approval of the Secretary, may by regulations prescribe.

"(c) The tax shall, without assessment by the Commissioner or notice from the collector, be due and payable to the collector at the time so fixed for filing the return. If the tax is not paid when due, there shall be added as part of the tax a penalty of 5 per centum, together with interest at the rate of 1 per centum for each full month, from the time when the tax became due."

A claim for refund of the entire tax was duly filed and denied. No jurisdictional issue arises. The plaintiff cites and emphasizes the decision of this court in the case of C. G. Conn, Ltd., v. United States, 64 Ct. Cl. 230, 232. The Conn Case involved resort to the above statute to tax musical instruments which were ornamented, mounted, or fitted with precious metals or imitations thereof. The court, in awarding the plaintiff judgment for the taxes imposed, said:

"The sole question involved herein is whether or not musical instruments of the class and character described herein are 'articles' within the meaning of the language 'articles made of, or ornamented, mounted, or fitted with, precious metals or imitations thereof or ivory. * * *'

"Applying the well-known rule of statutory construction in cases involving such language, the word 'articles' must be held to include only such articles as are similar in character, and designed for similar uses, as those articles which are specifically designated in the statute. All jewelry, whether real or imitation; pearls; precious and semiprecious stones; watches; clocks; opera glasses, etc., are set forth with studied particularity, and, unless it can be said that saxophones, cornets, trombones, and other musical instruments of like character are similar to the things mentioned specifically, they can not be taxed under said statute. The Commissioner of Internal Revenue, under the clause involved here, taxed coffins, phonographs, and victrolas so ornamented, mounted, and fitted, but the tax on these articles was abandoned under formal opinions by the Solicitor of Internal Revenue, Law Opinion No. 882, applying to coffins, and Solicitor's Memorandum No. 2068, applying to phonographs and victrolas, holding in effect that said articles were not similar in character or use to those which are specifically named.

"The court is unable to discern any difference in principle between musical instruments and the articles which were held to be exempt from tax as affected by the language under consideration."

The Solicitor for the Internal Revenue Bureau, in law opinion 882, construed section 905 of the Revenue Act of 1918, an act

similar in terms to the Revenue Act of 1921, section 905, as follows:

"It appears that Congress intended to tax such articles as are designed for personal use or adornment or for ornament or display in connection with the home. This intention is evidenced by the fact that practically all articles which are commonly or commercially known as 'jewelry' serve such purposes. The same is true of those articles which are specially mentioned, such as watches, clocks, opera glasses, lorgnettes, etc. It would seem therefore that the reason for inserting the words 'articles made of, or ornamented, mounted or fitted with, precious metals or imitations thereof, or ivory' was to subject to tax all other articles of similar character which are designed for similar uses but which are not known as 'jewelry' and are not specially mentioned in the law.

"It will be noted that the only articles specifically named in the law that come within the class of those designed for ornament or display in the home are clocks. Every other article named is comprehended in the other general class mentioned in the law opinion, namely, 'such articles as are designed for personal use or adornment.' Even a clock partakes of the nature of articles designed for personal use." (Italics inserted.)

The general intent and scope of the Taxing Act are, we think, apparent. Congress, in levying the tax upon "articles made of, or ornamented, mounted, or fitted with, precious metals or imitations thereof or ivory (not including surgical instruments, eyeglasses, and spectacles); watches; clocks; opera glasses; lorgnettes; marine glasses; field glasses; and binoculars," recognized that, aside from utility purposes, precious metals, etc., were employed to ornament, and single out by such ornamentation many articles not known or classified as jewelry. The ordinary fountain pen generally sold and used requires no unusual ornamentation by way of the addition of various fashions of precious metals, designed to attract purchases thereof because of such ornamentation. The Congress was enacting a luxury tax, imposing a tax upon an article which in its make-up was either composed of precious metals or had imposed upon it sufficient superfluous ornamentation to make it not only one of utility but adornment as well. In other words, as was held in the Conn Case, if the ornamentation became the essential feature of the article sold, as a clock decorated with precious metals, and it became, as held by the Solicitor, one designed for personal use and adornment, it fell within the Taxing Act.

It is not difficult to recognize the fact that the owner of a fountain pen extravagantly ornamented by the addition to all its parts of variously fashioned gold or silver chasing possesses an article which has precisely the same characteristics of personal adornment when carried upon his person as a ring upon his finger. Such ornamentation singles the article out from the general character of such articles and attaches to it a superadded value, not in the way of utility, but strictly in the way and manner all jewelry attracts. It was upon an article made extravagant in cost by reason of such ornamentation that Congress levied the tax. The ordinary clock was not taxed and other specific articles of common use and usefulness were not taxed, except in instances when they fell within the class made of, or ornamented with, precious metals, etc.

The Commissioner by regulation taxed fountain pens equipped with gold pen points. The adopted regulation, we think, was too comprehensive. The gold pen point generally used in fountain pens is an important element of a fountain pen, and common knowledge and experience disclose that it is not so used for purposes of ornamentation or personal adornment; it enters into the structural features of the pen itself, and is the one essential integral part of the same affording utility; it serves in no sense to isolate the structure of the pen itself or add to its appealing features by way of ornamentation or the owner's personal adornment. The statute, it is true, uses the words "mounted or fitted with precious metals, etc." These terms, when considered in the light of the purposes and intent of the act, are clearly not designed to cover an article such as a fountain pen because a negligible quantity of precious metal is employed in its construction; clearly they appertain to a superadded ornamentation affixed to a pen and adapted to its style and contour, such as gold or silver chasing on the ordinary fountain pen, for the express purpose of ornamentation and in no way essential to its usual and ordinary form of construction. Ornamentation and adornment of a pen give to it not only the characteristics of a fountain pen, but the additional characteristics of an ordinary article of jewelry.

The statute, we think, was as previously stated designed to reach and tax articles of luxury. Fountain pens and the process of their operation, i. e., the ordinary and common fountain pen in general use, function in part through the use of a gold pen point, a pen employed for this purpose solely be-

cause of its utility in the way of sturdiness and longevity, and not because of any other peculiar qualities of the substance from which it is made. If a fountain pen is made of silver or gold, or if it is ornamented with like precious metals, obviously the purpose of such construction and ornamentation is to make of the pen an attractive article of adornment, such as jewelry, and the Revenue Act involved intended to tax them.

The difficulty with plaintiff's case lies in the fact that no proof obtains upon which we may, rest a judgment in accord with this opinion. The stipulation of facts recites that the plaintiff did sell "fountain pens and other pens having gold points or ornamented with precious metals." We have no means of knowing how many pens sold should or should not have been taxed, and therefore are precluded from awarding the judgment sought.

▮ The remaining item in suit embraces the tax levied and collected upon "flat silverware, consisting of knives, forks, spoons, pitchers, etc." These articles, we think, were not taxable, and what was said by this court in the Conn Case, supra, applies. The defendant insists that paragraph (b) of section 604 of the Revenue Act of 1924 (43 Stat. 253, 324 [26 USCA § 886 note]) confirms the Commissioner's right to tax flat silverware. This paragraph reads as follows:

"(b) The tax imposed by subdivision (a) shall not apply to (1) surgical instruments, musical instruments, eyeglasses, spectacles, or silver-plated flat tableware, or articles used for religious purposes; (2) articles sold or leased for an amount not in excess of $30; or (3) watches sold or leased for an amount not in excess of $60."

We think the paragraph relied upon may indicate a legislative disagreement with the Commissioner's rulings, as well as a confirmation. Flat silverware, knives, forks, and spoons do not fall within the Solicitor's opinion 882. They are not primarily designed "for ornament or display in connection with the home," and may not be classified as "designed for similar uses but which are not known as 'jewelry.'" The common run of flat silverware is an article of necessity rather than a luxury, and bears no close relationship to the general purpose and intent of ornamentation or adornment accomplished by the use of precious metals in the construction of articles of jewelry and similar articles not known as jewelry but intended for use as jewelry. The regulations of the Bureau with reference to the Taxing Act involved are set forth in an appendix to this opinion.

We think the plaintiff is entitled to a judgment for the tax paid on this item. The amount is $24,137.99, with interest. It is so ordered.

### Appendix A.

"Regulations 48:

"Art. 21. *Jewelry.*—The following articles are taxable as jewelry:

"(1) Articles to be worn on the person or apparel for purpose of adornment, which according to general custom or ordinary usage are worn so as to be displayed, such as brooches, rings, chains, cuff buttons, necklaces, fobs, and shoe buckles. Such articles are taxable regardless of the substance of which made (except as provided in subdivision (1) of article 22), and regardless of their utilitarian value.

"The term 'worn on the person' as used in this paragraph does not include articles to be carried in the hand or hung over the arm, such as bags or purses.

"(2) Articles to be carried in the hand, or hung on the arm, or carried or worn concealed on the person, whether in pocket or bag or under the outer garment, such as cigarette cases, eyeglass cases, pencils, powder boxes, garter buckles, purses or hand bags. Such articles are taxable *as jewelry* only if made of or ornamented, mounted or fitted with pearls, precious or semiprecious stones, or imitations thereof; but if so made, ornamented, mounted, or fitted, they are taxable regardless of the utilitarian value. See also article 24.

"(3) Articles not taxable under the following articles may be taxable by reason of being articles commonly or commercially known as jewelry, real or imitation. It should be carefully noted that the rulings in this article are only as to articles taxable *as jewelry*. Articles which are not taxable as jewelry may be taxable under articles 23 or 24. Thus a cigarette case, if made of, or ornamented, mounted, or fitted with a precious metal or imitation thereof, although not taxable under this article is taxable under article 24. It should also be noted that the examples given in this article are not intended to be exhaustive, but merely illustrative.

"Art. 22. *Articles not taxable.*—(1) The following articles of personal adornment are not taxable under section 905, unless ornamented, mounted or fitted with pearls, precious or semiprecious stones, or imitations thereof: (a) Articles made of textiles or

feathers; (b) hat trimmings (not including hatpins); (c) shoe trimmings (not including buckles); (d) buttons ordinarily worn permanently attached to wearing apparel.

"(2) Articles used as ornaments for wearing apparel are taxable if coming within the classification of subdivision (1) or (2) of article 21, or if within the provisions of any of the following articles: * * *

"Art. 24. *Articles made of, or ornamented, mounted or fitted with precious metals or imitations thereof or ivory.*—The term 'precious metals' includes silver, gold, platinum, and all metals more valuable than these. The term 'imitations thereof' includes only platings or alloys of any of the above materials.

"The following articles are not taxable under the clause of section 905, construed in this article: (1) Articles made of imitation ivory; (2) surgical instruments, eyeglasses, and spectacles; (3) articles merely ornamented or overlaid with gold or silver leaf or paint, such as picture frames, books, and Christmas cards.

"Glassware, china, pottery, and like articles are only taxable if ornamented, mounted or fitted with precious metals or imitations thereof, but are not taxable when ornamented with gold or silver leaf or paint.

"It should be carefully noted, however, that the articles above enumerated, although not taxable as 'articles made of or ornamented, mounted, or fitted with, precious metals or imitations thereof or ivory,' may be taxable as jewelry. Thus a hatpin with a head of imitation ivory is taxable as jewelry. For articles taxable as jewelry see article 21.

"Shoe buckles not attached to shoes are taxable as jewelry under section 905, regardless of the material of which made, if they are ornamented, mounted, or fitted with pearls, precious, or semiprecious stones, or imitations thereof. Shoe buckles made of or ornamented, mounted or fitted with precious metals or imitations thereof, or ivory, are taxable under section 905.

"Fountain pens equipped with gold pen points are taxable on the total price for which such pens are sold. * * * "